IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BLUE A. MEYERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-1166-D |
| ) | |
| KEYCORP. an alien corporation ) | |
| doing business as Key Bank USA, NA, and ) | |
| Key Bank USA, National Association, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss [Doc. No. 6], which seeks either a dismissal for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or a transfer of venue to the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1406(a). Defendant relies on a forum selection clause in a loan agreement between Plaintiff and Key Bank USA. Plaintiff has timely opposed the Motion on grounds that the loan contract is fraudulent and this case is purely a tort action because there is no valid contract. Plaintiff also asserts that the document submitted with Defendant's Motion has been altered and the original loan agreement has been destroyed. In reply to this argument, Defendant has submitted an affidavit explaining the loan application process and a copy of the "Master Student Loan Promissory Note" signed by Plaintiff. *See* Def.'s Reply Br., Ex. B [Doc. 9-3]. To respond to this additional information, Plaintiff has been permitted a surreply brief, in which he reiterates that an integral part of the loan document has been altered and that the promissory note containing the venue provision is void as a matter of law.

**Factual Background**

Plaintiff, a resident of Oklahoma, is a former student of a now-defunct commercial flight school in Norman, Oklahoma. Defendant is a foreign corporation with its principal place of business

in Ohio. Plaintiff filed suit against Defendant in Cleveland County, Oklahoma, alleging claims of fraud, deceptive and unfair trade practices, gross negligence, and breach of fiduciary duty, and seeking to recover compensatory and punitive damages. All theories of recovery are based on common factual allegations, discussed below. Defendant timely removed the action to federal court based on diversity jurisdiction.

According to the allegations of the Petition, Defendant had an arrangement with Airman Flight School under which the school would direct students to Defendant to obtain student loans and the school would process loan agreements on Defendant's behalf. The Petition alleges that the school forwarded loan documents to Defendant and Defendant forwarded student loan proceeds directly to the school, that this direct funding arrangement prevented the student from controlling the expenditures and charges being incurred, and that Defendant approved the inflation of requested student loans for the benefit of itself and the school and to the detriment of borrowing students. The Petition further alleges that Defendant and the school fraudulently induced students to enter into the loans by representing that they were approved federal student loans. The representations allegedly included a statement in a loan document, attached to the Petition as Exhibit A, "that the 'PROVISIONS OF THIS NOTE WILL BE GOVERNED BY FEDERAL LAWS[.]'" *See* Petition [Doc. 1-2], ¶ 11 (quoting Ex. A). Exhibit A to the Petition is a copy of a printed form "Master Student Loan Promissory Note" which contains Plaintiff's name as borrower and bears signatures of the borrower and a representative of Key Bank USA. *See* Petition, Ex. A [Doc. 1-2]. The quoted excerpt appears in a paragraph of the promissory note entitled "Governing Law; Choice of Forum" that provides in full as follows:[1]

---

[1] The promissory note defines "I" as the borrower and "you" and "your" to mean "Key Bank USA, National Association, Cleveland, Ohio." *See* Petition, Ex. A, ¶ A [Doc. 1-2].

> I understand and agree that (i) you are located in Ohio, (ii) that his Note will be entered into in Ohio, (iii) that your decision on whether to loan me money will be made in Ohio. CONSEQUENTLY, THE PROVISIONS OF THIS NOTE WILL BE GOVERNED BY FEDERAL LAWS AND THE LAWS OF THE STATE OF OHIO, WITHOUT REGARD TO CONFLICT OF LAW RULES. I agree that any suit I bring against you (or any subsequent holder of this Note) must be brought in a court of competent jurisdiction in the county in which you maintain your (or the county in which the subsequent holder maintains its) principal place of business.

*See* Petition, Ex. A, ¶ S-5 [Doc. 1-2]. It is this provision on which Defendant relies in its Motion to constitute a mandatory forum selection clause that renders this district an improper venue for this action.[2]

Plaintiff takes the position that the promissory note attached to his pleading and submitted with Defendant's Motion is an altered document because the application form that accompanies it is not the one he executed and states a different principal amount than he authorized. Plaintiff submits affidavits with his response and surreply briefs that attest to the facts alleged in his pleading and argued in his briefs. He states in his first affidavit that the school steered him to Defendant's loan program and presented him with loan documents that contained the provision quoted in his pleading. *See* Pl.'s Resp. Def.'s Mot. Dism., Meyers Aff. [Doc. 8-7], ¶ 11. Plaintiff further states that, based on the representation that the loan was a federal student loan subject to the rules and regulations protecting such loans (with which he was familiar), he "agreed to enter into a Federal Student Loan with the Defendant on 10-9-03." *See* Pl.'s Resp. Def.'s Mot. Dism., Meyers Aff. [Doc. 8-7], ¶ 12. This same date is handwritten on the promissory note attached to the Petition, admittedly "matching the Plaintiff's signature date." *See* Pl.'s Resp. Def.'s Mot. Dism., Meyers Aff. [Doc. 8-7], ¶¶ 22- 23. Plaintiff submits two "Federal Truth in Lending Disclosure" forms issued

---

[2] *A mandatory forum selection clause specifies a venue in mandatory or obligatory language and requires suit exclusively in the specified forum. See K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft, 314 F.3d 494, 499 (10th Cir. 2002). There is no question this provision is mandatory; it specifies that a court action "must" be brought in the county where Defendant maintains its principal office.*

regarding his student loan, which show scheduled advances on October 17 and 23, 2003, that do not equal the principal amount stated in the loan application form in the record ($29,995.00). Plaintiff states in his second affidavit that he "never executed any note for the amount of $29,995.00" and "did not make the notations or alterations in the document." *See* Pl.'s Surreply Br., Meyers Aff. [Doc. 13-3], ¶¶ 5-6. Defendant admits it did not approve, and in fact disregarded, the loan amount stated in the application of record. Defendant has submitted the affidavit of its representative stating that Plaintiff "completed an online internet application" that was approved on October 6, 2003, after its "credit department worked with plaintiff." Def.'s Reply Br., Baldwin Aff. [Doc. 9-2], ¶¶ 4-5. Plaintiff denies these stated facts.

**Standard of Decision**

"A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 956 (10th Cir.1992); *K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft*, 314 F.3d 494, 497 (10th Cir. 2002). On a motion under Rule 12(b)(3), matters outside the pleadings may be considered by the district court. *See Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998). When a defendant moves for dismissal and presents facts to establish improper venue, the plaintiff must present evidence that controverts the facts shown by the defendant, or dismissal is proper. *Id*.

"Forum selection clauses are 'prima facie valid' and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable or unjust under the circumstances." *Riley*, 969 F.2d at 957 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972)); *see Excell, Inc. v. Sterling*

*Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992).[3]

**Discussion**

Distilling from the parties' allegations and evidence the facts material to Defendant's Motion, the Court finds that Plaintiff admits signing the promissory note that contains the forum selection clause at issue; Plaintiff admits relying on and agreeing to the specific provision including that clause; and Plaintiff admits that Defendant funded a loan associated with the promissory note and forwarded the loan proceeds directly to the school to pay for Plaintiff's flight training, although the school allegedly closed before the services were performed. Plaintiff seeks to avoid enforcement of the forum selection clause by arguing that the underlying loan agreement has not been adequately proven (due to alteration or incompleteness) and the loan agreement was induced by fraud. As a result, Plaintiff contends, any venue provision is unenforceable as well.

Under federal law, Plaintiff must show fraud or invalidity in the venue provision itself, not simply fraudulent procurement or invalidity of the underlying contract. *See Riley*, 969 F.2d at 957; *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974). In *Scherk*, the plaintiff alleged it had been induced by the defendant's fraudulent representations to enter into a commercial contract that contained a clause requiring arbitration "before the International Chamber of Commerce in Paris, France." *Scherk*, 417 U.S. at 508. The Supreme Court viewed the agreement as "in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute." *Id*. at 519. Concerning the plaintiff's burden of proof to avoid to the agreement, the Court opined as follows:

---

[3] *The parties do not address any choice of law issue but assume that federal law controls the determination of whether to enforce the forum selection clause. Thus, the Court does likewise.*

> In The Bremen we noted that forum-selection clauses "should be given full effect" when "a freely negotiated private international agreement (is) unaffected by fraud . . . ." [*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 13 (1972).] This qualification does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud, as in this case, the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion. Cf. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270.

*Scherk*, 417 U.S. at 519 n.14.  The Court noted that the merits of the allegations of fraud could be appropriately raised and litigated in the parties' chosen forum.  *Id*.  The rule announced in *Scherk* represents the law of this circuit, which holds that: "A plaintiff seeking to avoid a choice provision on a fraud theory must, within the confines of Fed. R. Civ. P. 9(b) and 11, plead fraud going to the specific provision; the teachings of *Scherk*, interpreting *M/S Bremen*, require no less." *Riley*, 969 F.2d at 960.

In this case, Plaintiff does not allege any fraud or other grounds for invalidity of the venue provision itself, only the underlying loan contract.  He makes no claim that he was unaware of, or wrongfully induced to agree to, the "Choice of Forum" provision of the promissory note he signed.  Thus, regardless whether the promissory note itself is enforceable or whether Defendant has adequately proved up a valid loan agreement, Plaintiff presents no basis to invalidate the venue provision to which he admittedly agreed.

Further, the Court finds no basis for Plaintiff's contention that his tort action lies outside the scope of the venue provision.  The clause provides that "any suit" Plaintiff brings against Defendant must be brought in the specified forum.  Thus, Plaintiff's tort claims against Defendant arising from its alleged conduct with regard to the promissory note are plainly covered by this provision.

The question remains whether the case should be dismissed or transferred to a chosen forum.  The parties did not specify in the venue provision a state or federal forum; the provision simply

requires an action to "be brought in a court of competent jurisdiction in the county in which [Defendant] . . . maintains its principal place of business." *See* Petition, Ex. A, ¶ S-5 [Doc. 1-2]. Because the specified venue is not limited to state court, this Court has discretion to transfer the case under 28 U.S.C. § 1406(a) to a federal district court where it could have been brought. *See Pierce*, 137 F.3d at 1191 (decision whether to dismiss or transfer under § 1406(a) "lies within the sound discretion of the district court"); *cf. Milk 'N' More*, 963 F.2d at 1346 (mandatory forum selection clause specifying exclusive venue in state court waived federal venue).

Neither party presents any argument regarding the relative merit of Defendant's alternative requests for dismissal or transfer. Because venue would be proper in this judicial district absent the forum selection clause, however, the Court finds that the interest of justice warrants a transfer rather than a dismissal of Plaintiff's action.

## Conclusion

For the above reasons, the Court finds that the forum selection clause in the promissory note signed by Plaintiff should be enforced and that a transfer of this case to a proper forum, rather than dismissal for improper venue, should be granted.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss is GRANTED in part and DENIED in part. This action is transferred to the United States District Court for the Northern District of Ohio, Eastern Division.

IT IS SO ORDERED this  23rd  day of June, 2008.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE